Per Curiam.

The petitioner bases his right to release on the alleged failure of the trial coui’t to inform him of the charges pending against him, failure to inform him of his right to counsel, and failure to appoint counsel to act in his behalf.
At his hearing, petitioner presented no evidence nor would he make any statement on his own behalf. His only statement was that the Ohio courts are unjust and unfair, and that he has only eontempt for them.
On behalf of respondent, the Attorney General presented as a witness Judge Darrel R. Hottle of the Court of Common Pleas of Highland County, the trial judge who conducted the proceedings in relation to petitioner.
The judge testified that he had a clear and vivid recollection of the proceedings in relation to petitioner. He explained this recollection by stating that at the time he was sitting in Clermont County by assignment the case was impressed on his mind because of the publicity given to it by the very nature of the numerous serious offenses with which petitioner was charged, such being unusual in the smaller counties, and petitioner’s attempt to escape prior to his arraignment. He testified also that in view of petitioner’s record the number of guards in the courtroom was increased.
The judge testified that the proceedings were as follows: Petitioner was brought into the courtroom, and he had been previously served with the indictments, although the judge did not know by whom. He then very carefully apprised petitioner of the charges against him and asked him whether he had counsel, whether he wanted counsel, and whether he had funds to employ counsel. (The prosecuting attorney later testified that, at that time, he informed the judge that he knew the petitioner’s parents and that they did not have the means to employ counsel.) The judge then informed the petitioner that he would appoint counsel to represent him at the state’s expense.
Petitioner pleaded not guilty and indicated that he had been informed that counsel would be appointed to represent him. The judge then sent him from the courtroom.
The jndge, being a stranger in the community, was in the process of procuring counsel for him when he was told that *10 petitioner wished to reappear. Consent was given and petitioner was returned to the courtroom.
Petitioner then informed the court that he wished to withdraw his pleas of not guilty and enter a plea, of guilty to each count.
The judge testified that, because of the nature and number of offenses with which petitioner was charged and prior to accepting his change of plea, he was more meticulous in the proceedings than he had ever been before, that he read each section of the Code under which the charges were filed to petitioner, explained each individual penalty and went to the extent of totalling the penalties under the various counts, and that he informed petitioner that because of his record it was doubtful whether the sentences on the counts would be made to run concurrently. He further informed petitioner that he as a judge could not advise him but it was possible an attorney could and maybe should help him. The judge told him this not once but several times.
He testified that petitioner said that he did not want counsel but wanted to plead guilty.
The state also called Ralph Hill, the prosecuting attorney of Clermont County since 1956, who had personally conducted the proceedings against petitioner. He also testified that he clearly remembered the proceedings in relation to petitioner. He based this recollection on the facts that in a small county there are very few serious crimes, that this one was the most serious he had seen, and that he also knew the parents of petitioner and had in fact represented them. Pie testified also that he was impressed with the procedure adopted by the judge because of his thoroughness in explaining the charges and his rights to petitioner, and that he had never before seen a judge go to the trouble of totalling the penalties which could be imposed.
The prosecuting attorney testified that the judge when petitioner was first brought before him asked petitioner whether he had received copies of the indictments and understood them. The judge very carefully explained the charges and petitioner’s right to counsel and to a jury trial.
The prosecuting attorney testified that he was in the process *11 of preparing the entries and was waiting for the judge to appoint counsel to represent petitioner so that he could set a trial date, when he was called back to the courtroom because petitioner wished to reappear.
The prosecuting attorney’s testimony as to what occurred at petitioner’s second appearance before the. court that day, when petitioner withdrew his plea of not guilty and entered a plea of guilty to each count, fully substantiates that of the trial judge in every respect.
There is no doubt from the evidence adduced at the hearing that petitioner’s rights were fully and comprehensively explained to him, that he was offered counsel, and that the charges and penalties were all carefully explained to him. Such evidence completely refutes the contention of petitioner. There is no basis for release in the instant case.

Petitioner remanded to custody.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.